## FORBES ET AL. *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY.

[No. 18,247.   Filed July 1, 1898.]

INSURANCE.—*Payment of Premiums.—Premium Notes.—Forfeiture.— Life Insurance.*—Where a life insurance policy contains a condition that all premiums or notes given the company for premiums must be paid on or before the days upon which they become due or the policy shall not be binding or valid, the failure to pay a note given for premium at the maturity thereof, prior to the death of assured, renders such policy void. *pp. 90-92.*

SAME.—*Premium Notes.—Renewal of Notes.—Pleading.*—An allegation in a reply to an answer to a complaint in an action on a life insurance policy that certain notes executed by the assured were not given for unpaid premiums on such policy, but were given and accepted in renewal of certain other notes which were given and accepted in payment of such premium is overcome by a statement in the renewal notes that the amount therein promised to be paid is the premium on the policy in suit. *pp. 92-94.*

From the Marion Superior Court. *Affirmed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellants.

*Charles E. Barrett* and *Ramsey, Maxwell & Ramsey,* for appellee.

McCabe, J.—The appellants, as the beneficiaries named in a life insurance policy issued on the life of John F. Forbes, sued the appellee thereon for $5,000, the amount of insurance expressed in the policy. The superior court overruled a demurrer for want of sufficient facts to the second and third paragraphs of defendant's answer, severally, and sustained a like demurrer to the second and third paragraphs of the plaintiff's reply. And thereupon the plaintiffs withdrew the first paragraph of their reply, the same being the general denial, and refused to amend or plead further, and the trial court rendered judgment upon such ruling that the plaintiffs take nothing by their

complaint. Error is assigned by the appellants upon these several rulings.

It is one of the conditions of the policy that it "shall not be valid or binding until the first premium is paid to the company or its authorized agent.". Another is that it shall not be valid or binding on failure to pay "all premiums or notes given the company for premiums, * * * on or before the days upon which they become due." The second paragraph of the answer avers that said policy of insurance was issued to said John F. Forbes on condition that the premium therefor, $232.50, payable annually, should be paid, the first premium being payable on delivery of said policy, and a like premium being payable on the 30th day of September of each year thereafter for a period of twenty years; that said first premium became due and payable on the 30th of September, 1893, and the same was not paid; that thereafter, on the 7th day of December, 1893, the said John F. Forbes executed and delivered to this defendant his two promissory notes, copies of which are set out, bearing date December 7th, 1893, one falling due three months after date, and the other falling due six months after date, the one falling due three months after date calling for $111.26, and the other $111.25, each bearing 8 per cent. interest, and which notes were so executed as evidence of the balance remaining unpaid of said premium due and payable on September 30, 1893. And the defendant avers that it is expressly stipulated and agreed in each of said notes that if the same be not paid at maturity, said policy, including all conditions therein for surrender or continuance as a paid up or term policy, should, without notice to any party or parties interested therein, be null and void; that the note due three months after date became due and payable on March 7, 1894, and the other one became due and pay-

Forbes *et al. v.* The Union Central Life Ins. Co.

able on June 7, 1894, and that neither of said notes were paid at maturity, and have not been paid; that each of said notes matured and became due and payable long before the death of said John F. Forbes, the assured named in the policy. The third paragraph alleges the same facts, and in addition, sets forth the conditions in the policy already quoted above. The additional allegation is made that the notes mentioned were given for the balance of the first premium.

There is much contention as to whether the giving of the notes was a waiver of the condition, but we need not and do not decide that question, if the other facts stated constitute a sufficient defense to the action. The other facts stated are, as before observed, the same as those alleged in the second paragraph. And those facts show that both premium notes matured before and remained unpaid at the time the assured died. This made the policy void according to its own terms. Appellants' learned counsel contend that the title to the policy vested in appellants as the beneficiaries named therein at the time of its issue, and cite authority to the effect that such interest could not be devested by any act of the assured without the assent of the beneficiaries. Those authorities have no application, because those were cases where the assured attempted to assign the policy without the knowledge or consent of the beneficiary, the same having been kept alive by a strict compliance with the terms of the contract of insurance. But the beneficiary takes his interest in the contract of insurance in strict accordance with the terms of such contract. He has and holds such interest and rights as the contract gives him, and no more. • While the assured cannot diminish or destroy those rights by any act of his without the consent of the beneficiary, neither can he diminish the rights nor enlarge the obliga-

tions of the insurer without its consent, by any act on his part, or by any failure to act. In short, both parties to the contract have a right to insist on a strict compliance with its terms unless waived. *Klein* v. *New York Life Ins. Co.*, 104 U. S. 88; *Wheeler* v. *Connecticut Mut. Life Ins. Co.*, 82 N. Y. 543, 37 Am. Rep. 594; *Fenn* v. *Union Central Life Ins. Co.*, 48 La. Ann. 541, 19 South. 623. One of the terms of the contract is that all premiums or notes given the company for premiums must be paid on or before the days upon which they become due or the policy shall not be binding or valid. The answer shows, and the demurrer admits, that that contingency happened before the death of the assured. Therefore both answers show that the policy, by its own terms, had been rendered null and void by the neglect to pay the premium notes at maturity. Hence the court did not err in overruling the demurrer to the answers.

The second paragraph of the reply admits that the first premium was due on September 30, 1893, and that the whole of the same was not then paid in cash, but avers that on said date Forbes, the assured, paid to the company $10 on said premium, and executed his two promissory notes for the remainder of the premium, which were accepted by the defendant as payment of said premium; and that the conditions of said policy requiring the first premium to be paid in cash on the delivery of the policy was thereby waived by said company; that said notes became due on December 7, 1893, and were not paid by said Forbes; but by the consent of said company said notes were on said day renewed by said John F. Forbes executing to defendant his two certain renewal notes, which were accepted by said company as payment of said first notes given. Said notes read as follows: "$111.26. Huntington, W. Va., Dec. 7th, 1893. Three·

months after date for value received we jointly and severally promise to pay to the order of the Union Central Life Insurance Company one hundred and eleven 26-100 dollars without discount or defalcation at National Bank of Huntington, being the premium on policy No. 109,896 in said company, bearing date Sept. 25th, 1893. Said policy including all conditions therein for surrender or continuance as a paid up term policy shall without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity with interest at eight per cent. per annum payable annually. In case this note is not paid at maturity the full amount of premium shall be considered earned as premium during its currency, and the note payable without reviving the policy or any of its provisions." Signed by the makers. The other note reads exactly the same, except that it is made payable six months after date. There is much contention by counsel to the effect that the notes being payable in bank, and commercial paper, their acceptance as payment was a payment of the first premium, and hence there could be no forfeiture or avoidance of the policy for nonpayment of these notes. These notes are alleged to be renewals of the first ones given and accepted as payment of the premium. Therefore we have a right to assume that the first ones read just as these do. Therefore we need not and do not decide whether the allegations of the reply, aside from the notes themselves, are sufficient to show that the acceptance of the notes as payment constitutes a valid payment of the premium. It is sufficient to say that the notes themselves conclusively contradict the averments of the reply as to the payment of the premium by the acceptance of the notes. The notes state that the amount therein promised to be paid is the premium

on the policy in suit. That cannot be true if the premium is paid. Nor is the allegation true that avers that these notes were given in payment of the first ones executed, because the notes conclusively contradict it. The notes state, over the signature of the assured and one of the appellants, that they are given for the premium of the policy in suit. That conclusively contradicts the allegation that the first notes paid the premium. This is so because these notes could not be given for the premium if it had theretofore been paid. And then comes the further stipulation in the note that the policy is to be null and void on the failure to pay the note at maturity, thus showing conclusively that the premium is not paid until these notes are paid. That being true, the reply did not state facts sufficient to avoid the answer.

The third paragraph of the reply is substantially the same as the second, and hence neither paragraph states facts sufficient to avoid the answer. The trial court did not err in sustaining the demurrer to each of said replies. The judgment is affirmed.