GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN v. MARSHALL.

[No. 4,437. Filed October 28, 1903.]

BENEFICIAL ASSOCIATIONS.—*Failure to Pay Assessments.—Forfeiture.—* In a suit on a policy in a fraternal insurance company, the defendant pleaded a forfeiture because of the failure of assured to pay assessments in accordance with the laws of the order and notice given assured. The laws of the order provided that when the finances were in a certain condition a call should be made and that every call should contain a list of all deaths occuring since the last call was made, such notice to be issued by the grand recorder with the approval of the finance committee, and published in a newspaper printed and published in the State in the interest of the order and that such publication should constitute a sufficient notice to members. The answer alleged that notice of an assessment was published in the official organ of the order containing a list of the deaths and the names of the lodges to which they belonged, followed by a call upon the subordinate lodges, signed by the grand recorder and the members of the finance committee, and that a copy of said paper was mailed to the postoffice address of assured, and that assured failed to pay said as-

sessment or any subsequent assessments. *Held*, that the facts pleaded constituted a bar to a recovery. *pp. 535–544.*

BENEFICIAL ASSOCIATIONS.—*Forfeitures.*—Though forfeitures are not favored by the law, it is the duty of the courts to declare a forfeiture upon facts which will admit of no other conclusion. *p. 544.*

SAME.—*Failure to Pay Assessments.*—*Suspension by Operation of Law.*— Where the by-laws of a society provide that the failure of a member to pay an assessment within a stipulated time operates as a forfeiture of membership, no affirmative action on the part of the lodge to suspend the delinquent member is required. *p. 545.*

From the Superior Court of Vanderburgh County; *W. M. Wheeler*, Special Judge.

Action by Addie R. Marshall against the Grand Lodge of the Ancient Order of United Workmen. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. L. Wedding*, for appellant.
*G. K. Denton* and *L. A. Whitcomb*, for appellee.

WILEY, J.—Appellant is a fraternal, benevolent, and mutual benefit association, and as such issued to one Charles E. Marshall, who was the husband of appellee, a certificate of membership, by the terms of which it undertook to pay appellee, as beneficiary, $1,000 at the death of the insured, according to the terms of the certificate. The said insured died November 12, 1900, being about sixteen months after the certificate was issued. Appellant refused to pay the claim, and appellee brought an action on the certificate to enforce payment. The case was put at issue, and tried by a jury, resulting in a verdict for appellee. Appellant's motion for a new trial was overruled, and judgment pronounced upon the verdict.

Two questions are presented for decision, viz.: (1) The sufficiency of the first paragraph of answer, to which a demurrer was sustained; and (2) the overruling of the motion for a new trial.

In the first paragraph of answer it is alleged that from the date of the issuing of the certificate to September, 1900, the insured paid to the financier of his lodge an assessment

each and every month as specified by the beneficiary law of the order, and that each assessment was payable on or before the 28th of each month; that the said insured was bound to know the laws of the order, and did in fact have full knowledge thereof, and knew by the payment of his assessments each month from the date of his membership until September, 1900, when he neglected and failed to pay the assessment for September, 1900, on or before the 28th of the month; that not only did he have knowledge from said payments and course of business with his lodge as to his duty to pay an assessment in September, 1900, but knew and was bound to know of the existence of the laws of the order; that in addition to the requirement to pay an assessment for said month, as set out by the constitution and by-laws, a further and additional notice was given to the insured as to such assessment by the grand recorder calling upon all the lodges in the State, including the lodge to which he belonged, to forward the beneficiary funds in their respective treasuries, and at the same time made one assessment upon each of the members (said assessment being necessary to pay death losses), with the approval of the grand lodge finance committee, and caused such call and assessment to be published in the Hoosier Watchman, the official organ of the order in Indiana, and that a copy thereof was duly mailed to the insured, properly addressed; that by reason of his knowledge of the constitution and laws of the order, and by his course of dealing with said order, the insured was specially called upon and notified of the assessment of seventy-two cents for the month of September, 1900, that the same must be paid on or before the 28th of said month, and that upon failure so to pay he would be suspended; that the assessment and notice for September, 1900, were in the same form, substance, and words used and published of assessment notices, and the approval of the grand lodge finance committee, during each and every month during the time said Marshall was a mem-

ber of the order; that during each and every one of said months during the entire membership of the insured he acted upon and treated said assessments, notices, and the approval of said finance committee as valid and sufficient, by paying, without objection or question, his assessments for each and all the months of his membership; that having failed to pay the assessment for September, 1900, and having paid nothing thereafter, he then and there became and stood suspended from all rights, privileges, and benefits of the order, and the beneficiary certificate sued upon thereby became null and void, and that when he died November 12, 1900, he was not a member of appellant order, and was not in good standing, and neither he nor appellee had or have any rights or claims whatever upon appellant. The constitution and by-laws of the order, the notice of the assessment and call upon the beneficiary fund for September, 1900, together with a copy of the Hoosier Watchman, in which the notice of the assessment and the call upon the beneficiary fund were published, and the approval of the finance committee are all filed as exhibits to this paragraph of answer.

By the demurrer the appellee admits the truth of all facts stated in the answer that are well pleaded. She therefore admits that notice of the assessment against the deceased was made for September, 1900, and also admits that said assessment was not paid, and further, that other payments were never made after that. Counsel for appellee seek to avoid the force of these admissions on the ground that the notice of the assessment was not in conformity with the laws of the order, and hence the insured was not bound by it; also that because the assessment was not legally made he was not required to pay; and, for his failure to pay, he did not forfeit his membership and his beneficiary rights. There is substantial substance and merit in this contention, provided the notice was illegal and not in conformity with the laws.

If we correctly understand the position assumed by counsel, it is (1) that the call for the September assessment and notice does not contain a list of deaths occurring since the last call, and (2) that the call and notice were not approved by the grand lodge finance committee. These two questions depend for decision upon the laws of the order, and the assessment and call as made.

The assessment rates of the order are fixed by its constitution, and they are graded according to the age or ages of the members. The assessment which was made against the deceased in this case on the 1st of September, 1900, was for seventy-two cents; he belonging to the class against whom such assessment was authorized by the laws of the order.

Subdivisions seventeen, eighteen, nineteen, thirty, and thirty-nine of section ninety-eight of the constitution, or so much of subdivision nineteen as may be necessary to present the question, are as follows: "(17) Calls and Assessments. Whenever the beneficiary fund of the grand lodge treasury shall have been reduced to a sum less than $6,000, or when by reason of unavoidable delay in the payment of beneficiary claims, the balance of the beneficiary fund in the grand lodge treasury would, by the payment of said claims, be reduced to a sum less than $6,000, then it would be the duty of the grand recorder to call upon the subordinate lodges to forward the beneficiary fund in their respective treasuries, and, at the time of making such call, to make one assessment upon each member of the order who received the workman degree, previous to the date upon which the assessment is made. (18) Calls, When and How Made. Every call made upon subordinate lodges to forward beneficiary funds shall be dated upon the first or second day of the month, shall contain a list of all deaths occurring since the last call was made, all necessary instructions relative to forwarding the funds called for, and shall, in every case, receive the approval

Grand Lodge of A. O. U. W. *v.* Marshall.

of the grand lodge finance committee. The issuing of such call shall constitute the making of an assessment. (19) Assessments, How Made. All assessments made upon the members shall be dated upon the first day of the month, except that if such date shall fall on Sunday or a legal holiday, it shall be dated on the second day of the month, and shall contain a list of all deaths occurring since the last assessment was made. Notice of such assessment shall be issued by the grand recorder with the approval of the finance committee, and published in a newspaper printed and published in this State in the interests of the A. O. U. W. order, which publication is hereby constituted and made the official, legal, and sufficient notice to the members of this grand jurisdiction of assessments levied, without any further notice either from the grand or subordinate lodge officers. A sufficient number of copies of said paper shall be issued every month to supply all the members, and a copy thereof shall be mailed to the last known and usual postoffice address of each member of this grand jurisdiction; and also one copy to the recorder of each lodge by its publisher, not later than the fifth day of each month."

"(30) Penalty for Failing to Pay Assessments. Any member failing or neglecting to pay all the assessments made upon him for the beneficiary or relief funds to the financier of the lodge of which he is a member on or before the twenty-eighth day of the month in which said assessments are made, shall forfeit all his rights as a member, and shall stand suspended from all the rights, benefits, and privileges of the order from and after that date, and shall not be reinstated except as herein provided." "(39) When Rights are Forfeited. When a member shall be suspended or expelled from the order, through any cause whatever, he forfeits all rights, benefits, and privileges, and his beneficiaries thereby lose all rights to any portion of the beneficiary fund."

In the answer under consideration, it is averred that the Hoosier Watchman, published at the city of Evansville, Indiana, was the official, legal organ of the order in this State, and that it was in that paper that the notice of the assessment against the deceased for the month of September, 1900, was published, and that a copy of that paper, containing the notice of the assessment, was duly mailed to him. A copy of that paper marked exhibit C is made a part of the answer, and the date of its issue as shown therein, was September 3, 1900. That notice of assessment and call for the beneficiary fund in the various lodges is, in substance, as follows: "Official notice of assessment for September, Grand Lodge Ancient Order of United Workmen of Indiana, September 1, 1900. Whole number of deaths, 717. Whole number of level assessments, 223. Number of classified assessments, 26. To all members of the Ancient Order of United Workmen of Indiana in good standing, September 1, 1900. Brothers: You are hereby notified of the following deaths occurring in the membership of the order in this jurisdiction." Then follows a tabulated statement of the deaths occurring since the last call, and in this tabulated statement are the death numbers; the names of the members deceased; the names of the lodges to which they belong; the numbers of the lodges and their location, and the date of the deaths; the respective ages of the deceased; the cause of the deaths; the dates of their joining the order; the rate of the assessment; and the assessment number. The number of deaths reported in this assessment and call were three. Immediately after the tabulated statement is the following: "In order to provide for the payment of the death losses above reported, you are hereby notified that the classified assessment number nine for September, 1900, is hereby levied as per the classified table, to wit." Then follows the classified assessment table, showing the rate of assessment against the various classes of the members according to age, rang-

ing from eighteen to fifty years and over. The notice then continues: "This assessment is levied against all members in good standing who have received the workmen degree prior to September 1, 1900, as per the attained ages, January 1, 1900. The amounts enumerated in the classified assessment table must be paid to the financier of your lodge on or before September 28, 1900; for failure so to comply you will forfeit all rights, benefits, and privileges as a member of the order, by becoming suspended."

Following this is the call upon the subordinate lodges throughout the State for the beneficiary funds in their respective treasuries, and that call is as follows: "To the subordinate lodges of the Ancient Order of United Workmen in the Grand Jurisdiction of Indiana: You are hereby notified of the following call for the month of September, 1900: Classified call number nine. Classified assessment number nine will be made in the month of September. The beneficiary fund of the grand lodge treasury having been reduced to a sum less than $6,000, you are hereby notified that to provide for the death losses above reported, and furthermore provide for the prompt payment of death losses that may occur, one call is made necessary upon the beneficiary fund in the treasury of subordinate lodges, to be known as call number nine, and to replace the money drawn from such fund by the call above enumerated. Classified assessment number nine will be made in September. To Pay Classified Call number nine. You are required to forward to Fred Baker, grand recorder, Evansville, Indiana, at once, (1) the beneficiary fund on hand in your respective treasuries, collected from your members during the month of August on classified assessment number eight; (2) the initial assessment of those members who received the workmen degree prior to September 1, 1900, but have not been heretofore liable for assessment; (3) of back assessments paid by members reinstated since the last report." Here follows directions for remittances of this

fund. This call is signed by "Fred Baker, grand recorder," attested by the seal of the order, and immediately following his signature are these words: "The above orders on the beneficiary fund are hereby approved." This is signed by three members as the "grand lodge committee."

If this assessment and call are in substantial compliance with the provisions of the law above quoted, then they were sufficient, and would be binding on both the insured and his beneficiary. A member of a benevolent beneficiary association is a part and parcel of the corporation, and is chargeable with a knowledge of its laws, rules, and regulations, and its manner of doing business. The notice shows the number of deaths that had occurred since the last assessment, and this must be construed to mean the deaths that had been reported to the grand recorder up to the time the notice was issued, for it is clear that if any deaths had occurred before the issuing of the notice which had not been reported to the grand recorder, they could not have been specified in the notice. It is the duty of the local lodges to report deaths. The rate of the assessment is also specified, the time when it should be paid, and notice given that, if not paid when due, the members failing to pay should forfeit all rights, benefits, and privileges.

Counsel for appellee insist that there is no provision of the laws of the order requiring a member to pay monthly assessments, and as the answer avers such requirement, and the constitution of the order is filed as an exhibit, the exhibit must control. Subdivision fifteen of section ninety-eight of the constitution fixes the rate of assessments, and requires that they be paid monthly, provided that twelve assessments are required to meet death losses. Subdivision thirty, *supra,* requires such payments to be made on or before the 28th of the month in which the assessments are made. This effectually disposes of counsel's objection in this regard.

It is next urged by appellee that the call upon subordinate lodges for the beneficiary fund does not contain a list of deaths occurring since the last call, as provided by subdivision eighteen, *supra,* and, as the issuing of such call shall constitute the making of an assessment, the assessment made is void, and the insured nor his beneficiary is not bound by it. Subdivisions seventeen, eighteen, and nineteen of the constitution should be construed together with reference to each other, for they all pertain to the same subject-matter. They provide for a call upon subordinate lodges for the beneficiary funds in their respective treasuries when needed, prescribe the manner of making the call, which is constituted an assessment, the manner of making the assessment, and what shall constitute notice to the individual member. There is no provision in the constitution or laws that requires the assessment and call to be issued separately, and to be two different and distinct instruments. On the contrary, the subdivisions of the constitution we have quoted contemplate that they shall constitute one instrument. Subdivision eighteen says that "the issuing of such call shall constitute the making of an assessment." Subdivision nineteen provides that the assessment shall be made the first day of the month, with certain exceptions, and shall contain a list of deaths, etc.; that it shall be published, and a copy sent to each lodge and member. In this instance the assessment and the call are one instrument, signed by the secretary. The assessment is addressed to the members of the order, and the call to the subordinate lodges. This is in harmony with the letter and spirit of the law. The assessment and call are signed by the grand recorder, and approved by the finance committee of the grand lodge.

Assessments of this character are made for but one purpose, viz., to pay death losses of members of the association who have died while in good standing. The evident purpose of the law in requiring the grand recorder to give

a list of the deaths of members, when assessments are made, is to acquaint the members assessed with the facts upon which the assessment is based, for assessments for the beneficiary fund can only be based upon the death of members. It is made the duty of subordinate lodges to report to the grand recorder the deaths that occur in their respective lodges, and such officer can only give a list of such deaths as are officially reported to him. The answer avers that the assessment and call give a list of those who had died since the last call was made. This is a statement of a substantive and issuable fact, and we must presume that the list is a correct one, and contains the names of all those whose deaths had been officially reported.

The appellee complains that the approval of the finance committee only applies to the call on the beneficiary fund, and hence is not in compliance with the laws of the order. This position is not tenable. The "above orders" are approved. This must be construed to mean and include both the notice of assessment and the call. This is made plain by the fact that the payment of said assessment is the only source of the beneficiary fund. Without the payment of the assessment there could be no beneficiary fund. The notice constitutes an order of payment, and notifies the members that if payment is not made within a given time, their rights, benefits, and privileges will be forfeited. We think the notice of the assessment and the call on the beneficiary fund were properly approved, within the meaning of the law.

Our attention is called to the rule of law that forfeitures are not looked upon with favor. We recognize the force and reason of the rule, but it is the duty of the court to declare a forfeiture upon facts which will admit of no other conclusion. We are now dealing with a question of pleading, and the facts stated therein clearly show a forfeiture. Appellant is a "fraternal, benevolent, and mu-

tual benefit association," in the language of the complaint. As such, it depends for its existence, and the purposes for which it was organized, upon the prompt payment of assessments against its members. It has no other means of paying its death losses, and no other, means is contemplated. The association and the individual member have correlative and reciprocal obligations, the one depending on the other.

These obligations are that, to the end that each may derive the contemplated benefits, they must both comply with the requirements of the constitution and laws of the order. So far as the answer shows, appellant did its duty, and the insured failed in his. Members of a benevolent fraternal association are bound by and must be held to a knowledge of its constitution and by-laws; and as a general proposition of law all members must be governed by them in all their dealings with it as members thereof. *Supreme Lodge, etc., v. Hutchinson,* 6 Ind. App. 399; *Grand Lodge, etc., v. King,* 10 Ind. App. 639.

It required no affirmative action of the lodge to suspend the insured for nonpayment of the assessment. The law is well established that if by the laws of the society nonpayment of an assessment operates as a forfeiture, the member must elect every time he is called upon to pay an assessment, either to pay within the stipulated time, or suffer the penalty of loss of membership and to benefits by neglecting or refusing to pay within the time. Bacon, Benefit Soc., 577, 578; *Rood v. Railway Passenger, etc., Assn.,* 31 Fed. 62; *Bosworth v. Western Mut. Aid Soc.,* 75 Iowa 582; *Maginnis v. Aid Assn.,* 43 La. Ann. 1136.

Under subdivision thirty of the constitution, *supra,* a member stands suspended upon failure to pay an assessment on or before the 28th of the month in which it is made. We have examined the authorities cited by the appellee in support of her contention that the assessment

and call in this case were not in conformity with the laws of the order and therefore the insured nor the beneficiary was not bound by them, but the law as there declared is not applicable to the facts pleaded in the first paragraph of answer. The facts here pleaded bar a recovery in favor of appellee.

This conclusion makes it unnecessary to decide questions presented by the motion for a new trial.

Judgment reversed, and the trial court is directed to overrule the demurrer to the first paragraph of answer.