# PUBLIC SAVINGS INSURANCE COMPANY OF AMERICA *v.* COOMBES, ADMINISTRATOR.

[No. 8,547. Filed March 26, 1915. Rehearing denied June 24, 1915. Transfer denied October 8, 1915.]

1. INSURANCE.— *Construction of Policy.— Forfeiture Clauses.—* While insurance policies are rigidly construed against the insurer and liberally construed in favor of the insured in order to prevent a forfeiture, express provisions that a policy shall be void if the premiums are not paid in accordance with its terms are enforceable in the absence of statutory provisions to the contrary. p. 526.

2. INSURANCE.—*Action on Policy.—Evidence.—Sufficiency.—*Where a policy provided that the premiums were payable in advance on or before each Monday, evidence showing that at times insured paid more than one premium in advance, that she died on July 3, 1911, and that a payment was made on May 22, 1911, though confusing and conflicting on the question of the amount paid on that date, was sufficient to sustain the verdict against the insurer under a provision of the policy that the insurance would be paid

should the insured die while the premium was in arrears for a period not exceeding four weeks. pp. 527, 528.

3. INSURANCE.— *Payment of Premiums.— Time for Payment.*— Under a policy of insurance providing that the premiums were payable on or before each Monday, payment of the weekly premium at any time during Monday was sufficient. p. 528.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Calvin Coombes, administrator of the estate of Ellen Coombes, deceased, against the Public Savings Insurance Company of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bernard Korbly, Willard New* and *A. W. Knight,* for appellant.

*Bernard C. Craig,* for appellee.

MORAN, J.—Appellee, Calvin Coombes, administrator of the estate of Ellen Coombes, his deceased wife, brought an action in the Clay Circuit Court against the appellant, Public Savings Insurance Company of America, upon an industrial life insurance policy, issued upon the life of Ellen Coombes. An answer of general denial was filed to the complaint, with an agreement of the parties that all defenses might be offered under the same; trial by the court, judgment in favor of appellee, from which appellant appeals, and assigns as error the overruling of the motion for a new trial. The complaint is in two paragraphs; both are predicated upon the same policy of insurance, and do not differ materially in phraseology. Briefly, it is alleged that appellant is a corporation, and was, on April 24, 1907, doing a life insurance business at Brazil, Indiana, and on that date, insured the life of one Ellen Coombes, for the sum of $216, for the term of her natural life, in consideration of a weekly premium of ten cents. The premiums were paid, as provided by the terms of the policy, and upon the death of Ellen Coombes, proofs of death were made together with a demand for the insurance due under the policy.

Causes assigned for a new trial are, (1) the decision of

the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence. The controversy is waged around the proposition as to whether the policy of insurance had lapsed for the nonpayment of the premium before the death of the insured.

The policy of insurance was issued April 24, 1911, and provides among other things as follows:

"This insurance is granted in consideration of the weekly premium hereinbefore stated, which shall be paid to the company or to its authorized representative on or before every Monday during the continuance of this contract, until the 75th birthday of the insured. * * * This policy shall be void * * * if said weekly premiums shall not be paid according to the terms thereof. If for any cause this policy be or become void, all premiums paid thereon shall be forfeited to the company, except as provided herein. All premiums are payable at the home office of the company, but may be paid to an authorized representative of the company; but payments to be recognized by the company must be entered at the time of payment in the premium receipt book belonging with this policy. If for any reason the premium be not called for when due, by an authorized representative of the company, it shall be the duty of the policy holder, before said premium shall be in arrears four weeks to bring or send said premium to the home office of the company or to one of its district offices. Should the insured die while the premium on this policy is in arrears for a period not exceeding four weeks, the company will pay the benefits provided herein, subject to the conditions of the policy. If this policy be lapsed for nonpayment of premium, it will be revived within one year from the date to which premiums have been duly paid, upon payment of all arrears, providing evidence of the insurability of the insured satisfactory to the company is furnished."

There is no contention but that the policy of insurance under consideration was duly issued and that certain premiums were paid during the lifetime of the insured. Appellant seeks to be relieved from the contract on the ground that the weekly premium was not paid according to the terms

of the policy, and that the death of Ellen Coombes did not occur within four weeks after the premiums became due. The policy provides that weekly premiums shall be paid on or before every Monday during the continuance of the contract, and should the insured die while the premium on the policy is in arrears for a period not exceeding four weeks, the company will pay the benefits subject to the conditions of the policy. In proceeding to examine the provisions of the policy under consideration, in the light of the facts as they appear in the record, it must be kept in mind that under the law, insurance policies are rigidly construed as against the insurer and liberally construed in favor of the insured, in order to prevent a forfeiture of the policy. *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613, 89 N. E. 398, 91 N. E. 230; *Continental Ins. Co.* v. *Vanlue* (1891), 126 Ind. 410, 26 N. E. 119, 10 L. R. A. 843; *German-American Ins. Co.* v. *Yeagley* (1904), 163 Ind. 651, 71 N. E. 897; *Rogers* v. *Phenix Ins. Co.* (1890), 121 Ind. 570, 23 N. E. 498; *Union Life Ins. Co.* v. *Jameson* (1903), 31 Ind. App. 28, 67 N. E. 199; *Supreme Tent, etc.* v. *Ethridge* (1909), 43 Ind. App. 475, 87 N. E. 1049. And on the other hand, it must be borne in mind that express provisions in a policy of insurance that if the premium is not paid in accordance with the terms of the policy, the same shall be void, are provisions that are enforceable, in the absence of statutory provision to the contrary. *Klein* v. *New York Life Ins. Co.* (1881), 104 U. S. 89, 26 L. Ed. 662; *Fowler* v. *Metropolitan Life Ins. Co.* (1889), 116 N. Y. 389, 22 N. E. 576, 5 L. R. A. 805; *Grand Lodge, etc.* v. *Marshall* (1903), 31 Ind. App. 534, 68 N. E. 605, 99 Am. St. 273; *Willcuts* v. *Northwestern, etc., Ins. Co.* (1882), 81 Ind. 300; *Phenix Ins. Co.* v. *Tomlinson* (1890), 125 Ind. 84, 25 N. E. 126, 21 Am. St. 203, 9 L. R. A. 317; *Forbes* v. *Union Ins. Co.* (1898), 151 Ind. 89, 51 N. E. 84; *Tibbits* v. *Mutual, etc., Ins. Co.* (1903), 159 Ind. 671, 65 N. E. 1033; *Union Cent. Ins. Co.* v. *Pauly* (1893), 8 Ind. App. 85, 35 N. E. 190; *Wells* v. *Vermont Ins.*

*Co.* (1902), 28 Ind. App. 620, 62 N. E. 501, 63 N. E. 578.

At the time the policy was delivered to the insured, a receipt book was turned over to her for the purpose of having appellant's agent, who collected the premiums from time to time, enter the amount of the collection and the date of the receipt thereof on this book. On June 26, 1911, the insured was in poor health, and her husband called at appellant's office in the city of Brazil, Indiana, and paid to the agent of appellant the sum of fifty cents to be applied upon the policy of insurance held by his wife. Within a very short time after the receipt of the money, the agent receiving the same learned from another employe connected with the office that the policy of insurance on Ellen Coombes had been cancelled, and he immediately returned the money to the husband, who received the same. He also notified the husband of the insured that the policy of insurance had been cancelled for the nonpayment of premiums, and requested that the receipt book in possession of the insured be turned over to him, which was done.

It is contended on the part of the appellee that the fifty cents paid by the husband should have been applied to the credit of the insured, and by so applying it, she would have been in good standing at the time of her death, July 3, 1911, and that it was not so credited was no fault of the insured; that the appellant was bound to accept the same. The record discloses that within an hour after the agent of the company had received the premium, he returned it to the husband, who was then acting as the agent of his wife, and that the husband received it back without any protest whatever and that he likewise surrendered up the receipt book of the insured, on which the payments were credited. We are not impressed with this transaction as in any way changing the legal aspect of the parties. We need not, nor do we decide whether this transaction had any legal significance. The original receipt book of the insured and the one kept by the appellant are a part of the record in this cause, and

there is a discrepancy as to the entries of the premiums in the same. There is no dispute but that on May 22, 1911, there was a payment made, but there is sharp conflict as to the amount that was paid. Premiums were supposed to have been paid a week in advance, but this rule had not been strictly followed theretofore. On other occasions prior to this date the insured had paid as much as two weeks at a time, and when so received the money was credited in advance. It is the contention of appellant that the week began at midnight on Sunday and ended at midnight of the following Sunday. If this contention is correct, although there may have been two weeks' payment in advance on May 22, 1911, still the policy would have lapsed at midnight July 2, 1911. An examination of the policy does not support appellant's contention, for it states that the premium was to be paid on or before each Monday, hence any time during Monday if a payment were made, it would be in compliance with the policy. *Mattison* v. *Marks* (1875), 31 Mich. 421, 18 Am. Rep. 197; *Schenck* v. *Ballou* (1912), 253 Ill. 415, 97 N. E. 704, Ann. Cas. 1913 A 251; *Wall* v. *Simpson* (1831), 6 J. J. Marsh. (Ky.) 155, 22 Am. Dec. 72. This leaves but the question of fact as to the amount of the premium paid on May 22, 1911. If two premiums were paid on this date, it would have carried the credit forward to June 5, 1911, and the four weeks of grace would have expired July 3, 1911, the date the insured died, as the policy provided that if death occurred while the premium was not in arrears over four weeks that the company would pay the benefits. The record is far from being clear and satisfactory; there is much confusion so far as the oral testimony is concerned as to the amount of payment on May 22, 1911. The trial court after hearing the evidence and having had opportunity of observing the conduct of witnesses upon the stand, found for the appellee. Under the rules of appellate procedure we are not at liberty to disturb the finding,

as it involves the question of the weight of evidence. Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 108 N. E. 244. As to the conflict of laws respecting nonforfeiture of life policy, see 104 Am. St. 483. As to first and last days in computing time in case of nonpayment of insurance premium, see 49 L. R. A. 208. See, also, under (1) 25 Cyc. 740, 824; (2) 25 Cyc. 943; (3) 25 Cyc. 829; 38 Cyc. 315.