NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY
v. BROOKS.

[No. 9,977. Filed April 23, 1920. Rehearing denied June 25, 1920. Transfer denied December 8, 1921.]

1. INSURANCE.—*Life Insurance.—Nonpayment of Premiums.—Forfeiture Provision.—Validity.*—An express provision in a policy of life insurance that if the premium or premium notes are not paid in accordance with the terms of the policy, it shall be void, is enforceable, in the absence of a statutory enactment to the contrary. p. 101.

2. INSURANCE.—*Life Insurance.—Acceptance of Premium Notes. Legality.—Statues.*—Where a life insurance company accepted part cash and three interest bearing notes, due three, six and nine months, respectively, after the date of the policy, for the first annual premium, with an agreement that the policy would be forfeited and void if each of the notes was not paid at maturity, the acceptance of the notes was not in violation of §4622a Burns 1914, Acts 1909 p. 251, providing that no policy of life insurance shall be issued or delivered unless it shall provide that all premiums shall be payable in advance, and such agreement was valid and enforceable; such statute not providing that life insurance shall be paid annually in advance,

nor prohibiting the payment of annual premiums in quarterly installments or the taking of premium notes, with a forfeiture agreement in event of default in payment. p. 102.

3. INSURANCE.—*Policy Stipulations.—Recital of Issuance for Advance Payment of Premiums.—Estoppel to Deny.*—That a life insurance policy stipulated that it had been issued in consideration "of payment in advance of $30.90,***and the payment of a like sum on or before the seventh day of April in every year thereafter," the policy to be void in event of default in payment of premium, did not stop the insurer from showing, as a matter of fact, that the payment of the full amount of the premium was not made at the time the policy was issued, but that, for a part of the annual premium three notes executed by the insured were accepted by the company; there being no recital in the policy that the first annual premium had been paid by the insured, and no acknowledgement by the company of the payment of such premium. p. 103.

4. INSURANCE.—*Forfeitures.—Estoppel.—Time of Paying Premiums.*—An insurance company will be estopped to insist upon a forfeiture for nonpayment of premiums or premium notes, if by an agreement, either express or implied, or by its course of dealing, it leads the insured honestly to believe that the payment of the premiums or premium notes will be received after they are due. p. 104.

5. INSURANCE.—*Forfeiture.—Estoppel.—Time of Paying Premiums.*—Where a life insurance company accepted part of the first annual premium in cash and three notes payable in three, six and nine months, respectively, with an agreement that the policy would be forfeited if the notes were not paid at maturity, the fact that the first note was paid thirty days after it was due, and that the second note was paid by check on the day it was due, was not such a course of dealing between the insurer and insured as to the payment of premiums as would amount to an implied agreement that there would be no forfeiture if the premium note last due was not paid at maturity, so as to require the company to accept payment of such note after maturity and after the death of insured. p. 105.

From Vigo Circuit Court; *Charles L. Pulliam,* Judge.

Action by Gertrude I. Brooks against the New England Mutual Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Charles Martindale,* for appellant.

*James L. Price* and *Donald Baker,* for appellee.

REMY, P. J.—Action by appellee to recover on a policy of life insurance issued by appellant to the husband of appellee, and in which she is named as the beneficiary. The policy was issued on April 7, 1911, and stipulated that appellant company, in consideration of the application upon which the policy was issued, and "of the payment in advance of $30.90" by the insured, and "the payment of a like sum on or before the seventh day of April in every year thereafter during the life of the insured until nineteen annual premiums have been paid," would upon proof of the death of insured pay to appellee, as beneficiary, the sum of $1,000. It was further stipulated in the policy that: "In case any of said premiums, or any premium note or notes given for said premiums, are not paid when due and payable, this policy shall cease to be in force." The policy also contained the provision that after it had been in force one year, "a grace of thirty-one days, without interest shall be granted for the payment of premiums." When the policy was delivered, insured paid to appellant the sum of $9.90, in cash, and executed and delivered to appellant company his three separate promissory notes, each for the sum of $7 with interest at six per cent. per annum, and due respectively in three, six, and nine months after date, each of said notes containing the recital that it was "for part of premium on policy No. 234,533 of said company; but this note, if not paid at maturity, is not to be considered as payment of said premium, and said policy will thereupon without notice become forfeited and void." At the time it received the $9.90, in cash, and the notes, appellant gave to the insured the following receipt:

"Received of William H. Brooks, cash, $9.90; notes $21.00 on account of the first premium on policy No. 234533 as per margin. This receipt is given and accepted, subject to this express condition, viz.: that it

shall not cover any deferred part of the policy year for which a note or notes, as stated in the margin, have been given by the insured, until said note or notes shall have been paid in cash; and if said note or notes or any one of them are not paid when due and payable, said policy shall thereupon without further notice become forfeited and void."

The first of the three notes matured July 7, 1911, and was paid by insured by check dated August 7, 1911; such check being drawn on the Terre Haute Trust Company to the order of William L. Horne who was appellant's general agent for the territory including insured's residence. The second note became due October 7, 1911, and was paid by insured by a similar check of that date. The third note, which matured January 7, 1912, was never paid, and no tender of payment was made until January 25, 1912, when it was refused. In the meantime, on January 16, 1912, the insured died, and this action followed, appellant having refused to pay the death claim.

The one question involved in this appeal is whether or not the failure of the insured to pay the third premium note when due, avoided the insurance contract. This question was raised by exceptions to many rulings of the trial court, all of which are presented by proper assignments of error. It will not be necessary to discuss separately the various alleged errors.

It is well established, that an express provision in a policy of life insurance, that if the premium or premium notes are not paid in accordance with the terms of the policy, the same shall be void, is a provision that is enforceable, in the absence of a statutory enactment to the contrary. *Forbes* v. *Union Cent. Life Ins. Co.* (1898), 151 Ind. 89, 51 N. E. 84; *Public Savings Ins. Co.* v. *Coombes* (1915), 59 Ind. App. 523, 108 N. E. 244. Appellee concedes the correctness

of the above statement of law, but contends:    (1) That under the provisions of §4622a Burns 1914, Acts 1909 p. 251, the acceptance of the notes constituted payment of the premium; (2) that appellant is estopped to deny payment of the first annual premium, because of the stipulation in the policy that it had been issued in consideration of such premium having been paid in advance; and (3) that the course of dealing between appellant and the insured was such as to warrant the insured in assuming that payment of the note would be accepted after it was due.

The statute cited by appellant provides that "no policy of life insurance shall be issued or delivered in this state    *    *    *,    unless the same shall provide the following:    (1) That all premiums shall be payable in advance," etc.    It is urged by appellee, that, under this statute, if an insurance company elects to accept promissory notes in lieu of a part of any such premium, it accepts such notes in payment of the premium, and must so treat the same.

It will be observed, that the statute does not provide that insurance premiums shall be paid "annually" in advance.    There is no prohibition against the payment of annual premiums in quarterly installments; nor does the statute prohibit the taking of premium notes, and for the forfeiture of the policy upon default in the payment of such notes, as was done in this case.    The statute, which provides no penalty for its violation, directs that all premiums on life insurance policies shall be "payable" in advance.    As a matter of fact, at the time the policy was issued, the premium was paid in cash in advance for the first three months; and if the notes due and payable three, six, and nine months after date had all been paid in accordance with the agreement of the parties, the full amount of the first year's premium would have been fully paid in

cash in quarterly installments, each installment in advance. We hold that the acceptance by the company of the interest bearing notes for a part of the first year's premium, with the agreement that the policy would be "forfeited and void" if each of the three notes was not paid at maturity, was not in violation of said statute, and that said agreement providing for a forfeiture was valid and enforceable. See *Ellis* v. *Anderson* (1912), 49 Pa. Super. Ct. 245.

The stipulation in the policy that it had been issued in consideration "of the payment in advance of $30.90, * * * and the payment of a like sum on or

3. before the seventh day of April in every year thereafter," must be read in connection with the provision that, "in case any of said premiums, or any premium note or notes given for said premiums, are not paid when due and payable, this policy shall cease to be in force;" and in connection with the recitals in the notes, and the receipt for the notes, which provide for a forfeiture in the event of a default in the payment of the notes or any of them; when so read, the stipulation does not estop the company from showing, as a matter of fact, that the payment of the full amount of such premium was not made at the time the policy was issued; but that, for a part of the annual premium, the three notes executed by the insured were accepted by the company. *Pitt, Admx.,* v. *Berkshire Life Ins. Co.* (1868), 100 Mass. 500; *Williams* v. *Empire Mutual Ins. Co.* (1910), 8 Ga. App. 303, 68 S. E. 1082; *Satterfield* v. *Fidelity Mut. Life Ins. Co.* (1911), 171 Ala. 429, 55 South. 200. There is no recital in the policy that the first annual premium had been paid by the insured, and no acknowledgement on the part of the company of the payment of such premium.

It is the law, that an insurance company will be estopped to insist upon a forfeiture for nonpayment of

premiums or premium notes, if by an agreement, 4. either expressed or implied, or by its course of dealing, it leads the insured honestly to believe that the payment of premiums or premium notes will be received after the same are due. *Sweetser* v. *Odd Fellows, etc., Assn.* (1889), 117 Ind. 97, 19 N. E. 722; *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115. The final question for determination is whether or not in the case at bar there was such a course of dealing between appellant and the insured as would give rise to an implied agreement that the premium note due January 7, 1912, might be paid at a later date. The facts are not in dispute. The note due July 7, 1911, was paid by check thirty days after it was due. The note due October 7, 1911, was paid by check of that date, the endorsements thereon showing that after it was accepted by the company at its office in the city of Indianapolis, it passed through three banks, and was cashed October 11, 1911, by the bank in the city of Terre Haute on which it had been drawn. This was all the evidence as to the dealings between the parties to the insurance contract after the same had been delivered April 7, 1911. Can it be said that this was such a course of dealing as would justify an honest belief on the part of the insured that the company had impliedly agreed to a payment of the third note at some time after it was due, and after the death of the insured? It has many times been held that a course of dealing between an insurance company and the insured is not shown by the payment and acceptance of a single premium. *Willcuts* v. *Northwestern, etc., Ins. Co.* (1882), 81 Ind. 300, 304; *Collins* v. *Metropolitan Life Ins. Co.* (1905), 32 Mont. 329, 80 Pac. 609, 108 Am. St. 578. See also, *Sanders* v. *Chartrand* (1900), 158 Mo. 352, 362, 59 S. W. 95. Likewise many courts, including our own Supreme Court, have held that an occasional voluntary in-

dulgence on the part of an insurance company as to the payment of a premium, in the absence of an express or implied agreement to waive payment according to the conditions of the contract, cannot justly be construed as a permanent waiver on the part of the company of its right, under the contract, to insist upon a forfeiture. *Sweetser* v. *Odd Fellows, etc., Assn., supra; Thompson* v. *Fidelity Mut. Life Ins. Co.* (1906), 116 Tenn. 557, 92 S. W. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. 823; *Citizens' Nat. Life Ins. Co.* v. *Morris* (1912), 104 Ark. 288, 148 S. W. 1019; *Parker* v. *Knights Templars, etc., Co.* (1903), 70 Neb. 268, 97 N. W. 281.   See also, *Tibbits* v. *Mutual, etc., Ins. Co.* (1903), 159 Ind. 671, 65 N. E. 1033.

Guided by the law as laid down in the foregoing authorities, we hold that, under the facts as shown by the evidence in this case, which evidence is all documentary and without conflict, there was no course of dealing between appellant and the insured as to the payment of premiums which would amount to an implied agreement that there would be no forfeiture of the policy if the premium note due January 7, 1912, was not paid at maturity, and which would require the company to accept payment of the note, after the death of the insured.   The verdict of the jury, therefore, is not sustained by sufficient evidence, and is contrary to law.

The cause is reversed, with instructions to grant a new trial.