## Painter *v.* Massachusetts Mutual Life Insurance Company.

[No. 10,959. Filed December 2, 1921.]

1. Insurance. — *Forfeitures.* — *Enforcement.* — Although forfeitures of insurance policies are not favorites of the law, and will not be enforced except where it clearly appears as a right under the contract, courts are not authorized to make contracts for parties, but only to construe them when ambiguous. p. 39.

2. Insurance.—*Life Insurance.*—*When in Effect.*—*Policy Stipulations.*—*Validity.*—An agreement by insured in his application for a life policy that it should not be in force until the acceptance and approval of his application by the insurer at its home office, the delivery of the policy and the payment of the first premium, and that upon such delivery the policy should be taken and accepted as having become effective upon a certain stipulated date, was valid, and beneficiary cannot maintain that the policy became effective until a date later than the date specified. pp. 39, 40.

3. INSURANCE.—*Payment of Premiums.—Forefeiture.*—A provision in a life policy that in event of failure to pay any premium when due, or within the grace period, the policy should lapse and become void, is valid and enforceable. p. 40.

4. INSURANCE.—*Life Insurance.—Settlement.—Action on Policy.* —Where the beneficiary under a life policy acknowledged the receipt of money from the insurer "in full for all claims arising under" a policy bearing a specified number, she cannot recover the face of the policy, without first rescinding, or offering to rescind, and tendering back the money so received in settlement, although such settlement may have been procured by fraud. p. 41.

From Marion Superior Court (A-760) ; *Lynn D. Hay,* Judge.

Action by Laura B. Painter against the Massachusetts Mutual Life Insurance Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George W. Galvin* and *Hottel & Patrick,* for appellant.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson* and *Albert L. Rabb,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover upon a policy of insurance for $2,000, issued by appellee upon the life of William A. Painter, the deceased husband of appellant, who was, subsequent to the issuance of said policy, made the beneficiary under said policy. Liability upon said policy is denied by the appellee upon the ground that the same had been lapsed or forfeited by failure to make timely payment of the premium due thereon, and that subsequent to the death of the insured, appellee paid appellant $149.24 in complete discharge and settlement of all its obligations under said policy, and that said amount was accepted by appellant in full satisfaction of said policy. Appellee answered the complaint in three paragraphs, the first a general denial, the second alleging payment, and the third alleging the payment to appellant of the said sum of $149.24 in full discharge and satisfaction of appellee's

liability.  Appellant filed a demurrer to said third paragraph of answer for want of sufficient facts which was overruled.  Appellant thereupon on October 4, 1916, replied to the second paragraph of answer by a general denial, and to the third paragraph of answer by a general denial and by six paragraphs of special reply.  Appellee demurred to appellant's second, third, fourth, fifth, sixth and seventh paragraphs of reply, which demurrer was sustained.  Thereupon appellant asked, and was granted leave to amend her reply by interlineation, and on October 25, 1916, filed her amended reply.  Appellee then demurred to the second, third, fourth, fifth, sixth and seventh paragraphs of amended reply, which demurrer was sustained.  Appellant thereupon by leave of court withdrew her replies in general denial and elected to stand upon the ruling of. the court sustaining appellee's demurrer to the second, third, fourth, fifth, sixth and seventh paragraphs of amended reply, and refused to plead further.  The court thereupon adjudged that appellant take nothing by her action, and that appellee recover costs.  The appellant then prayed and was granted an appeal.

Appellant, in her assignment of errors, presents alleged error of the court in overruling appellant's demurrer to appellee's third paragraph of answer, and error of the court in sustaining the appellee's separate and several demurrers to the second, third, fourth, fifth, sixth and seventh paragraphs of reply, and in sustaining said demurrer to each of said paragraphs separately and severally.  Said third paragraph of answer, so far as here involved, avers that, among other things, the insured agreed in his application for insurance that the insurance applied for should not be in force until the acceptance and approval of his application by the company at its home office, the delivery of the policy and the payment of the first premium as required therein,

and that upon such delivery said policy should be taken and accepted as having become effective upon the date stipulated in the policy as the date on which the insurance begins; that under date of January 17, 1907, appellee issued the policy sued upon and, upon the payment of the premium required thereby, said policy became effective as of January 17, 1907; that subsequent to said day appellee received from said insured $72.32, being the first annual premium due thereon; that under and by the terms of said policy each premium thereon, amounting to $72.32 after the first premium, became due and payable annually "On or before each January 17, succeeding January 17, 1907;" that under date of February 17, 1908, said insured requested appellee in writing to amend said contract of insurance by changing the amount and time of payment of premiums thereon from $72.32 payable annually to $18.64 to be paid quarterly on January 17, April 17, July 17, and October 17, in each year, which change or amendment in said policy was accordingly made, and thereafter said premium to the amount of $18.64, became due and was payable quarterly on January 17, April 17, July 17, and October 17, in each year save and except only that by the terms and conditions of said policy such quarterly premium might be paid at any time when the same was not more than thirty-one days past due, without said policy being lapsed or voided; that all premiums which became due upon said policy as amended, were paid up to and including the premium which became due and payable on April 17, 1913; that on or about January 8, 1912, while said policy was still in force said insured, under the terms of said policy, procured a loan from appellee in the sum of $140, and assigned in writing said policy of insurance to appellee as security for said loan, which loan certificate provided among other things that if any premium on said policy remained unpaid at

the end of the grace period, appellee was authorized to deduct from the cash surrender value of said policy at the date of default the total indebtedness represented by such and any other certificate or certificates of indebtedness then outstanding against said policy, including interest to the date of said default, and to apply the balance as a net single premium to the purchase of paid-up insurance payable at the same time and on the same conditions as in the original contract. Said policy, at the time of said assignment, on January 8, 1912, was made payable to appellant, subject however, to the prior claims of appellee; that said policy provided, among other things, that in case of a failure to pay any premium, when due or within the grace period, if any, or to pay when due the interest on any premium obligation, the policy should thereupon lapse and become void, and all payments previously made should be forfeited to the company, and its only liability thereunder should be such, if any, as was stated in the policy or imposed by the laws of the Commonwealth of Massachusetts in force at the date of its issue, provided, however, that subject to said laws and the provisions of the policy, no premium or installment of premium paid on the policy should continue it in force beyond the date on which the next premium or installment of premium should become due by the terms of the policy; that on July 17, 1913, under the terms of said policy as amended, a quarterly premium thereon became due and payable to appellee, but that said premium was not paid when due nor was the same paid within the thirty-one days after said July 17, 1913, and that by reason of such failure to pay said premium said policy lapsed and became void and of no effect, save and except only that appellee was liable thereon under the terms and conditions thereof, and under the terms of said assignment, to the extent only of $149.24, being the difference between appellee's liabil-

ity on the face of said policy as amended after the same had lapsed as aforesaid and the amount due upon the loan made by appellee to said insured. The insured departed this life on August 19, 1913; that subsequent to the death of said Painter, to wit: under date of September 5, 1913, appellee paid to appellant in full discharge and satisfaction of all of its obligations under said policy as amended $149.24 and that appellant received and receipted for said sum in full satisfaction, and settlement of all claims arising against appellee under and by virtue of said policy as amended; that said receipt and satisfaction was as follows:

"Springfield, Mass., September 5, 1913.

"Received of the Massachusetts Mutual Life Insurance Company. One Hundred Forty-Nine and 24/100 Dollars in full for all claims arising under Policy No. 227345 in said company, now terminated by the death of William A. Painter.

"Laura B. Painter."

Appellant first reminds the court that forfeitures of insurance policies are not favorites of the law, and that

1. they will not be enforced except that it clearly appears as a right under the contract. We are not unmindful of this salutary rule of law, as one that is to be enforced in the interest of the policy holder, but we must also keep in mind that the courts are not authorized to make contracts for parties, but only to construe them, when ambiguous, as between litigants.

Appellant contends that the answer does not show that any right of forfeiture existed on August 18, 1913,

2. for the reason that the policy did not become effective until February 28, 1907, and that therefore the payment of quarterly premiums April 17, 1913, made the policy effective from May 28, 1913, to August 28, 1913, and that as the insured died August 19, 1913, the policy was then in force. It is admitted

that the premium due July 17, 1913, was not paid, and the thirty-one days of grace from that date expired on August 17, 1913. It is apparent, therefore that unless appellant's contention that the policy was effective until August 28, 1913, under her construction above set out, at the time of the death of her husband the policy had lapsed. It is expressly provided in the policy that in case of a failure to pay any premium when due, or within the grace period, the policy shall thereupon lapse and become void. Such a provision is valid and enforceable. *Forbes* v. *Union Cent. Life Ins. Co.* (1890), 151 Ind. 89, 51 N. E. 84; *New England Mut. Life Ins. Co.* v. *Brooks* (1920), *post*, 98, 127 N. E. 17. In his application for insurance, the insured expressly agreed that upon delivery of the policy to him it should be taken and accepted as having become effective upon the date stipulated in the policy as the date on which the insurance begins, the policy providing that in consideration of such application, and in consideration of the payment of the premiums, appellant insured the life of appellee's husband from January 17, 1907. The policy by the agreement of the parties, therefore, began to run from January 17, 1907, and by subsequent agreement, the premium was payable in installments, January 17, April 17, July 17, and October 17. Under the contract of insurance, which includes the application, the policy and the subsequent agreement, the parties have definitely fixed the dates of payment of the installments of premium, and of the commencement of the risk, and there is nothing for the court to construe. The facts make a stronger case against appellant than in the case of *Tibbits* v. *Mutual, etc., Ins. Co.* (1903), 159 Ind. 671, 65 N. E. 1033, for in that case there was no expressed agreement as to when the policy should become effective, while in this case it is definitely fixed on January 17,

1907, and eventually the quarterly extensions plus thirty-one days of grace by reason of the payment of the quarterly premium installments ended August 17, 1913, because of the failure to pay the quarterly installment due July 17, 1913, or within thirty-one days thereafter. The answer must be held good for the

4. further reason that it avers a full and complete settlement between appellant and appellee of all claims arising under the policy, and sets out verbatim a written release and satisfaction thereof. Appellant seeks to avoid this part of the answer by an averment in each of her paragraphs of amended reply to the effect that she did not receive the money paid her in full settlement of all of appellant's obligations under the policy. Admitting that she still holds the settlement consideration, which she has not and does not tender back, not claiming that there was any fraud or mistake, without seeking a rescission, her averments in her paragraphs of amended reply cannot prevail over the averments of settlement in the third paragraph of answer supported by the plain unambiguous statements of the release.

In *Home Ins. Co.* v. *Howard* (1887), 111 Ind. 544, 546, 13 N. E. 103, the court, in holding that a suit could not be maintained on a policy where there had been a settlement and the insured had given a receipt similar to the one given by appellant, said: "The action being at law to recover upon the policy as a subsisting obligation, it follows inevitably that the contract of settlement and cancellation above set out, not being void, constitutes an insuperable barrier against a recovery so long as it is not rescinded or avoided by an offer to return the consideration paid for it. The case is not distinguishable from *Brown* v. *Hartford Fire Ins. Co.,* 117 Mass. 479." Another case to the same effect is the *Norwich Union Fire Ins. Society* v. *Girton* (1890), 124 Ind. 217; 222, 24 N. E. 984, where the court held:

"Though there may have been fraud on the part of the appellant, in obtaining the settlement, while the settlement stands unrescinded, no action can be maintained on the policy. Appellee can not retain the benefit of the compromise and sue on the original contract. He must, at least, rescind or offer to rescind, and tender back the money received on the contract of settlement before he can bring suit on the policy. He can not ignore the settlement and bring suit on the policy."

To the same effect see *Supreme Council, etc.* v. *Apman* (1907), 39 Ind. App. 670, 80 N. E. 640. Each of the foregoing cases involved an element of fraud in the settlement, while in the instant case no claim is made that the settlement was procured by fraud.

There was no error in overruling appellant's demurrer to the second paragraph of answer. There was no error in sustaining appellee's respective demurrers to the second, third, fourth, fifth, sixth and seventh paragraphs of reply.

The judgment is affirmed.