THE VILLAGE OF ARGYLE, Respondent, v. FRED PLUNKETT, Defendant, and AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

**Guaranty and suretyship — municipal corporations — undertaking given by contractor for faithful performance of his contract to construct system of water supply — when municipality cannot maintain action thereon to compel sureties to pay bills unpaid by contractor.**

1. This action was brought to recover against the appellant as surety upon an undertaking executed in behalf of a contractor with the respondent to construct a system of water supply. In determining to award the contract in question respondent's officials resolved that the contractor must give an undertaking conditioned for the faithful performance of the contract *and* for the payment of all debts incurred for work and materials. The undertaking which was, in fact, executed by the surety contains no such obligation. The specifications which must be regarded as incorporated into the contract alone contain provisions bearing upon this subject. These are: " The contractor shall pay promptly all bills for labor and materials. Failure of the contractor to fulfill the conditions of this clause shall be deemed justification for the board paying such bills and deducting the amount of such payments from any money due the contractor;" also, " It is expressly agreed and understood that before such final payment (as therein specified) is made the Board may require the contractor to furnish satisfactory evidence that all lienable claims   *   *   *   have been fully satisfied." There are outstanding claims against the contractor which plaintiff seeks to recover. The respondent has paid

none of these claims and is not liable personally for their payment. The liens which have been filed are not against its property, but are simply against any unpaid balance on the contract (Lien Law [Cons. Laws, ch. 33], § 5), and the bond executed by appellant is not in any way conditioned for the payment by the contractor of his obligations incurred in the execution thereof. Hence, this action cannot be maintained.

*Village of Argyle* v. *Plunkett,* 175 App. Div. 751, reversed.

(Argued March 21, 1919; decided May 2, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 2, 1917, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wilber W. Chambers* and *Henry C. Willcox* for appellant. A recovery, under the provision in the specifications that failure on the part of the defendant Plunkett to pay for labor and material shall be deemed justification for the village paying same, against the surety, should not have been allowed for the reason that any payments made by the village of Argyle beyond the amounts due the contractor were voluntary. (*Landani* v. *Vulcan Engineering Co.,* 70 Misc. Rep. 385; *Fosmire* v. *Nat. Surety Co.,* 104 Misc. Rep. 166; *City of Sterling* v. *Wolf,* 163 Ill. 467; *French* v. *Vix,* 143 N. Y. 90.) The provision for payment by the plaintiff of obligations incurred by the defendant Plunkett not having been in the contract, although in the specifications but not being a proper part thereof, the surety is not bound thereby. (*N. P. Const. Co.* v. *Miller,* 139 S. W. Rep. 1107.)

*Fred A. Bratt* for respondent.

HISCOCK, Ch. J. This action was brought to recover against the appellant as surety upon an undertaking

executed in behalf of one Plunkett, who had entered into a contract with the respondent to construct a system of water supply. In its complaint the respondent asserted many grounds of liability against the appellant. The trial court, however, awarded judgment upon only two of these, namely, failure of the contractor to complete his work within the specified time and failure to pay certain bills for material and work furnished to him in the prosecution of his contract. The Appellate Division reversed the judgment so far as it awarded damages upon the first ground, leaving the judgment to stand upon the alleged liability secondly stated. The respondent having taken no appeal from this disposition we are presented with the sole question whether it established against appellant as surety any liability because of the failure of the latter's principal to pay his debts contracted in the performance of his contract. We are unable to see how any such liability has been established.

The facts by which respondent has attempted, thus far successfully, to establish it are as follows:

In determining to award the contract in question respondent's officials resolved that the contractor must give an undertaking conditioned for the faithful performance of the contract *and* for the payment of all debts incurred for work and materials. The undertaking which was executed by the surety and is now before us is simply conditioned for the faithful performance of the contract and contains no obligation of suretyship for the payment by the contractor of his debts. The contract proper includes no provision requiring the contractor to pay obligations incurred in the performance of his contract or giving to the respondent any relief, remedies or right in case of his failure to do so. The specifications which may be regarded as incorporated into the contract contain provisions bearing upon this subject. These are: "The contractor shall pay promptly all bills for labor and materials. Failure of the contractor to fulfill the

conditions of this clause shall be deemed justification for the Board paying such bills and deducting the amount of such payments from any money due the contractor; " also, " It is expressly agreed and understood that before such final payment (as therein specified) is made the Board may require the contractor to furnish satisfactory evidence that all lienable claims * * * have been fully satisfied."

Disregarding balances of interest,

| | | |
|---|---:|---:|
| The contractor earned on his contract.... | | $12,591 21 |
| The respondent paid him on his contract............... | $9,881 02 | |
| It has paid on various liens and claims................... | 2,260 03 | |
| | | 12,141 05 |
| Balance............................ | | $450 16 |

There are outstanding claims amounting to $1,679.14. On some of these, liens have been filed against the funds still retained by respondent under the contract at the date of filing; others represent the value of material sold to the contractor on the promise of the respondent to pay therefor out of any moneys which might become due to the contractor; others represent ordinary contract debts. In short the respondent has paid none of this balance and is not liable personally for its payment.

When under these circumstances we attempt to reach some ground upon which the present judgment may rest we encounter what seem to us to be insurmountable bars.

*First.* We do not think that the bond executed by appellant is in any way conditioned for the payment by the contractor of his obligations incurred in the execution of his contract. It may be assumed that if without further circumstance throwing light on the interpretation of the bond, it had been executed for the faithful per-

formance by the contractor of his contract, such obligation of the surety might be held to include any otherwise enforcible liability by reason of the failure of the contractor to pay his debts. Such payment might be regarded as an incident to the performance of his contract and, therefore, within the meaning of the bond guaranteeing such performance. There are, however, additional circumstances which show that this is not the fair interpretation of the bond. As has been pointed out, the resolution for the execution of the bond required that it should be conditioned for the faithful performance of the contract *and* for the payment by the contractor of his obligations. This indicated perfectly well that the parties did not choose to regard the payment of debts by the contractor to third parties as any business of the respondent or as an incident to its contract with the contractor. When the bond was executed it did not include any guaranty by the surety of the payment by the contractor of his debts. Whether this was left out by mistake or because the respondent regarded it as something in which it had no substantial interest we are not informed. It is sufficient that it was left out and that this action is brought upon the undertaking as it stands.

As we have had occasion to say recently (*Richardson v. County of Steuben*, 226 N. Y. 13), a surety is not entitled to any particular tenderness in the interpretation of the language of a contract which it has executed. Its contract is to be construed fairly in accordance with the general principles applicable to the construction of contracts. When, however, the contract has thus been interpreted the surety is entitled to a strict limitation of its obligations in accordance with such interpretation. We think that these principles entitled the appellant to the interpretation of its contract which we have given and under that interpretation it certainly is not liable in this action.

*Second.* But if we should go beyond this and assume that the appellant was liable for the non-performance by a contractor of any enforcible obligations in respect of the payment of debts incurred in the construction of the water system, we should be unable to find any such obligations which would serve as a basis for this action. We have already called attention to the only provisions in the specifications which bear upon this subject, and while these in substance require prompt payment by the contractor of his debts, they also provide the remedy which should be open to the village in case of his failure to comply with his obligations. This remedy consisted in a right upon the part of the village to pay from any moneys due on the contract the debts which the contractor had failed to pay. It was not compelled to wait for actions, liens or other proceedings upon these unpaid debts, but it was entitled to rid itself of annoyance by paying them at once out of any moneys applicable thereto. These clauses having thus specified the remedy which should be open to the respondent because of the default of the contractor, we think that they are to be given that force which is ordinarily attributed to statutes or contracts which provide a certain remedy for a certain fault — the remedy under such circumstances is to be regarded as exclusive of any other.

*Third.* But still further, if we should disregard these bars, which in our judgment stand between the respondent  and any recovery in this case, and pass to a consideration of what might be regarded as the ultimate and substantial merits of its claim, we fail to see how there could be a recovery of substantial damages. The respondent has no personal interest in these unpaid claims. It has not paid any of them and it is not personally liable for their payment. The liens which have been filed are not against its property, as under the statute they could not be, but are simply against any unpaid balance on the contract. (Lien Law [Cons. Laws, ch. 33], § 5.) The undertaking

executed by the appellant is in our opinion incapable of an interpretation which would allow the respondent voluntarily to go forth and pay debts against the contractor and then recover upon them against his surety. There must be involved somewhere as an essential element of its right to recover, damages which have been or may be suffered by it by reason of the failure to pay these debts, and such an element is in our opinion utterly lacking.

In some states it seems to have been held that an individual against whose property a lien has been filed may rid his property of this incumbrance and obstruction to its sale and transfer by paying the lien and recovering on such payment against the surety. (*Stoddard* v. *Hibbler*, 156 Mich. 335; *Mayes* v. *Lane*, 116 Ky. 566; *Kiewit* v. *Carter*, 25 Neb. 460; *Friend* v. *Ralston*, 35 Wash. 422, 430; *Closson* v. *Billman*, 161 Ind. 610.) This doctrine has been stoutly opposed in other jurisdictions. (*Boas* v. *Maloney*, 138 Cal. 105; *Gato* v. *Warrington*, 37 Fla. 542.) But however that may be and without endeavoring to decide such a question as that, this case does not present any such basis legal or equitable for a claim for damages against the appellant. The lien is simply against any unpaid balance on the contract and not upon the property. The property is not a subject of ordinary barter and sale and its enjoyment is not interfered with in the remotest degree by the lien which under the statute may soon be canceled.

Under the circumstances, we think that the judgment should be reversed and the complaint dismissed, with costs in all the courts.

CHASE, COLLIN, CUDDEBACK, HOGAN and CRANE, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.