**Dora Dorris, Appellee, v. V. H. Center, Appellant.**

Opinion filed March 6, 1936.

MOSES PULVERMAN, of Benton, for appellant.

THURLOW G. LEWIS, of Benton, and CATRON & HOFF-
MANN, of Springfield, for appellee.

MR. JUSTICE STONE delivered the opinion of the
court.

This is an appeal by V. H. Center, defendant below,
from a judgment entered by the circuit court of Frank-
lin county in favor of Dora Dorris, plaintiff below, in
a suit for rent due on a lease. The trial below was had
before the court without a jury, upon a stipulation of
facts.

Dora Dorris, appellee, under written lease, let cer-
tain premises in Harrisburg, Illinois, to V. H. Center,
appellant, for a business storeroom, for a term of 43
months ending November 1, 1935, for a total sum of
$6,450, payable in instalments of $150 in advance, on
the first day of each month. There were provisions
for remodeling the premises, part of the work to be
done by each of the parties. There was a provision
against assignment or sublease without the written
consent of the lessor. The lease contained the follow-
ing provision which has brought on this controversy:
"And that upon the non-payment of said rent in the
time and manner herein provided, the said Party of
the First Part may at her election either distrain for
said rent due or declare this lease at an end, and re-
cover possession as if the same were held by forcible
detainer. It is further hereby stipulated and agreed

that any action on the part of the Party of the First Part in declaring this lease at an end or in recovering possession by forcible entry or detainer proceedings that said election or action shall not bar the rights of the said Party of the First Part in recovering the remainder due on said rent.''

Appellant quit business in July, 1933, and removed his stock and fixtures from the premises. He paid the rent in full to and including November, 1933. He then sublet the premises to the Maytag Specialty Company for a rent of $30 per month. On December 27, 1933, appellant advised appellee by letter that he had terminated his lease, and that he had so advised the Maytag Company, advising it to pay rent to appellee. Appellee has made a written demand of appellant for each month's rent and has refused to recognize the Maytag Company as her tenant.

Appellee has never distrained for rent, and has not determined the lease or taken possession. This suit was instituted before the end of the term for instalments of rent due at the time suit was instituted.

Appellant contends that the provision of the lease quoted gives the lessor two remedies for nonpayment of rent, that is: distraint; and termination of the lease with the right to sue for the complete balance due on termination of the lease. It is contended that in the absence of termination of the lease no suit lies to recover the rent.

Appellant relies upon the application of the maxim ''Expressio unius est exclusio alterius.'' The contention is that since the above remedies are mentioned, any other remedy is by implication excluded. We are referred by counsel for the parties to the following authorities: Straus v. Yeager, 48 Ind. App. 448, 93 N. E. 877; Isman v. Hanscom, 217 Pa. 133, 66 Atl. 329; Argyle v. Plunkett, 226 N. Y. 306, 124 N. E. 1; Wing v. Ansonia Clock Co., 102 N. Y. 531, 7 N. E. 621; Whitcomb v. Indianapolis Traction & Terminal Co., 64 Ind.

App. 605, 116 N. E. 444; *Tate v. Neary,* 65 N. Y. S. 40; *Queens Park Gardens v. Spar,* 234 N. Y. S. 404; *Smith v. Mohn,* 87 Cal. 489; *Wandell v. Johnson,* 71 Mont. 73; *Hermitage Co. v. Levine,* 248 N. Y. 333, 162 N. E. 97; *McCready v. Lindenborn,* 172 N. Y. 400, 65 N. E. 208; *Mann v. Munch Brewery,* 225 N. Y. 189, 121 N. E. 746; 13 Corpus Juris, 537; 25 Corpus Juris, 220; 35 Corpus Juris, 1174. Appellant has also cited a number of Illinois decisions holding that the court will not remake the contract of the parties where the intent is clearly expressed, even though the expressed intention creates a hardship. Appellant also points out that the reservation of the right to sue for the remainder due on the rent after termination of the lease is an unusual remedy, and not one given by law in the absence of contract for that particular remedy.

Without reviewing the above authorities in detail here, it is sufficient to say that they develop the following considerations with respect to the use of the maxim *"Expressio unius est exclusio alterius"*; that it is a formula of logic having its most frequent use in the construction of remedial statutes; that it means that it is proper to assume that when particular language has been devoted to the expression of an idea, other considerations than those expressed were intended to be excluded; that it cannot have the same force where persons are in the habit of taking particular ideas for granted without expression of their intent to do so,—for example, where the legislature adopts a remedy for a situation where remedies existed at common law, without providing that the common law remedies continue in force; that the maxim is not applicable where parties to a contract are likely to assume that it is unnecessary for them to state in the contract that they are entitled to the remedies which the law gives them; and finally, that it is simply a device for determining the intent of the parties, and subject, of course, to all of the other considerations that are necessarily in-

volved in determining such intent, with the result that there are many situations in which its use will hinder rather than further the discovery of that intent. Where certain remedies are given to contracting parties by law, there has been a marked tendency to require a clear expression of an intent to forego such remedies before a party will be deprived of them.

The provision in question is that the lessor "may at her election either distrain" for rent due, or declare the lease at an end. We are asked to hold that, notwithstanding the fact that other remedies would ordinarily exist, the parties could not have had in mind that the lessor might not use either of the remedies there provided. We do not find it necessary to construe that language to mean that if the lessor is to have any remedy for the nonpayment of rent she "must elect" between the two remedies mentioned. The provision expressly reserves the right to sue for the remainder of the rent due, even if the lease is terminated. It is contended that this reservation is confined to a right to a single suit for the balance. It would seem a proper answer to this contention that the right to sue for the remainder is not so restricted by the language of the provision. It is further contended that any right to sue for the balance of the rent, prior to the end of the term, is conditioned upon a precedent termination of the lease. This would seem to be a strained construction. The provision is that, if the lessor should elect to recover possession, such election should not bar the right to sue for the remainder of the rent due. The normal inference from this provision is not that recovery of possession is a condition precedent to suit for the rent, but that it is understood that such recovery of possession shall not operate as a condition subsequent to cut off a right that is understood by the parties to exist. Now the right to sue for the remainder due on the rent is not

defined in that clause. The ordinary interpretation would be that reference is being made to whatever right to rent there is under the lease. This assumption is further strengthened by the fact that the reference is to the "rights" of the lessor, suggesting more than one alternative. The rights given by law under a provision for monthly instalments of rent include the right to sue for the instalments as they come due, the right to sue for several instalments that have accrued, and the right to sue for the entire amount due at the end of the term. We find no language in the lease clearly restricting those rights.

The judgment of the circuit court of Franklin county will therefore be affirmed.

*Judgment affirmed.*