

**FILED**

Feb 19 2020, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald D. Levenhagen
Landman Beatty, Lawyers, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David W. Gray
Lewis & Kappes, P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mountain Trace Development, LLC, *Appellant-Plaintiff,* v. Charles Spillman, *Appellee-Defendant.* | February 19, 2020 Court of Appeals Case No. 19A-CC-995 Appeal from the Hamilton Superior Court The Honorable J. Richard Campbell, Judge Trial Court Cause Nos. 29D04-1802-CC-1290 29D04-1711-SC-10055 |

**Mathias, Judge.**

[1] Charles Spillman ("Spillman") was evicted from a leased warehouse after he failed to pay rent owed under the terms of a commercial lease agreement. In addition to unpaid rent, the landlord, Mountain Trace Development, LLC ("Mountain Trace"), sought damages for expenses the company incurred to remove Spillman's property from the premises. The Hamilton Superior Court

concluded that under the terms of the lease agreement, Mountain Trace was not entitled to expenses incurred for removing Spillman's abandoned property from its warehouse. Mountain Trace appeals and argues that it is entitled to recover the expenses incurred to remove Spillman's personal property because the damages are a direct result of Spillman's breach of the lease.

We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

In January 2016, Mountain Trace and Spillman entered into a written lease agreement. Spillman agreed to pay Mountain Trace $1500.00 per month to lease a warehouse in Westfield, Indiana. The lease provided that "Tenant shall be held responsible for any damages caused by Tenant or other persons under Tenant's control to the property from the date of ratification until the lease is terminated." Appellant's App. p. 14.

After Spillman failed to make the October 2017 rent payment, Mountain Trace filed a complaint for eviction and damages in Hamilton Superior Court on the court's small claims docket. On November 27, 2017, the court held a hearing on the complaint, and both parties appeared. The court issued an eviction order, and Spillman was ordered to vacate the leased premises on or before January 22, 2018. The court ordered that "[a]ny property not removed at the time of eviction is deemed as abandoned property." *Id.* at 15.

Spillman failed to remove his property from the warehouse by January 22, 2018. The Hamilton County Sheriff and a warehouseman assisted Mountain

Trace with the removal of Spillman's property, which included seven trailers, two tractors, a forklift, boxes, furniture, two refrigerators, two pianos, and motor engine parts. Mountain Trace incurred $9000.00 to remove Spillman's property from the warehouse.

[6] Because Mountain Trace's requested damages increased to $13,500, i.e. $4500.00 in unpaid rent and $9000.00 to remove Spillman's property, the case was transferred to the trial court's plenary docket. Mountain Trace re-filed its complaint on March 13, 2018. Mountain Trace requested damages for unpaid rent, late fees, costs to remove Spillman's property from the premises, and "all other appropriate relief." *Id.* at 17.

[7] Both parties filed motions for summary judgment. In his motion, Spillman argued that under the terms of the lease agreement, Mountain Trace was not entitled to recover damages for the expense incurred when it removed his property from the warehouse.

[8] On April 10, 2019, the trial court issued its order granting Mountain Trace's motion for summary judgment after concluding that Spillman breached the lease agreement by failing to pay rent. The court awarded Mountain Trace unpaid rent, prejudgment interest, "and costs of this action consisting of court filing fees in the amount of $98.00[.]" *Id.* at 10. The court also granted Spillman's motion for summary judgment in part and concluded that Mountain Trace was

not entitled to its claim for $9,000 to remove the Defendant's abandoned property from the premises. The lease agreement was drafted by the Plaintiff and contained no requirement for the Defendant to remove all property from the premises. Any ambiguity in the lease is construed against the Plaintiff. The Defendant's only lease obligation was to pay rent and not to damage the Plaintiff's property.

Moreover, the Court's eviction order in case number 29D04-17711-SC-010055 simply ordered the Defendant to vacate the premises and that any property left behind would be deemed abandoned property. Therefore, even though the Defendant left property behind, that property was considered abandoned because the Defendant was no longer in legal possession of the premises.

*Id*. Mountain Trace now appeals.

# Standard of Review

When our court reviews a summary judgment order, we stand in the shoes of the trial court. *See Matter of Supervised Estate of Kent*, 99 N.E.3d 634, 637 (Ind. 2018) (citation omitted). Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).

## Discussion and Decision

[10] "'The construction of a written contract is a pure question of law.'" *The Winterton, LLC v. Winterton Inv'rs, LLC*, 900 N.E.2d 754, 759 (Ind. Ct. App. 2009) (quoting *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 501 (Ind. Ct. App. 2007)), *trans. denied*. Our duty is to interpret a contract to ascertain the intent of the parties. *Id.* "When interpreting a contract, we attempt to determine the intent of the parties at the time the contract was made by examining the language used in the instrument to express their rights and duties." *Id.* Where the language of the contract is unambiguous, we determine the parties' intent from the four corners of the document. *Id.* The unambiguous language of a contract is conclusive upon the parties to the contract as well as upon the court. *Id.* We will neither construe unambiguous provisions nor add provisions not agreed upon by the parties. *Id.*

[11] Mountain Trace argues that the trial court erred when it granted Spillman's motion for summary judgment, in part, and concluded that the company was not entitled to recover the costs it incurred to remove Spillman's property from its warehouse. Spillman observes that the lease agreement "is unambiguously silent on the issue of indemnifying the landlord for the costs of removal of abandoned property from the leased premises[.]" Appellee's Br. at 7.

[12] The only damages provision in the lease agreement provides: "Tenant shall be held responsible for any damages caused by Tenant or other persons under Tenant's control to the property from the date of ratification until the lease is

terminated." Appellant's App. p. 14. These terms are unambiguous and establish that Spillman was liable for damages to the warehouse throughout the duration of the lease. There are no terms in the lease that address the tenant's failure to remove his property when the lease is terminated and the landlord's remedy if the tenant abandons his property.

[13] We apply common law principles when the parties do not contractually address an issue. *Four Seasons Mfg.*, 870 N.E.2d at 502 (citing *Jones v. W. Reserve Group*, 699 N.E.2d 711, 714 (Ind. Ct. App. 1998), *trans. denied*). And if the parties desire to exclude certain remedies provided by law, the contract "should be so definite and positive in its terms as to show the clear intention of the parties to do so."[1] *Id.* (quoting *Simon Prop. Group, L.P. v. Mich. Sporting Goods Distrib., Inc.*, 837 N.E.2d 1058, 1074 (Ind. Ct. App. 2005), *trans. denied*). Therefore, even if a lease provides a specific remedy, a landlord has not been deprived "of any rights given by law, unless the terms thereof expressly restricted the parties to such specified remedy." *Simon Prop.*, 837 N.E.2d at 1074 (citing *Whitcomb v. Indianapolis Traction & Terminal Co.*, 64 Ind. App. 605, 116 N.E. 444, 446 (1917)).

---

[1] A contractual remedy for a breach is "generally exclusive if the contract so declares or clearly shows the parties' intention to make it so. Where, however, there is no express or implied limitation in the contract making the stated remedy exclusive, the prevailing view is that a party may pursue either the prescribed remedy or any other remedy the law provides[.]" *Four Seasons Mfg.,* 870 N.E.2d at 504 (citing 17 Am. Jur. 2d Contracts § 710 (2007)).

[14] Even though the lease did not explicitly state that Spillman had an obligation to surrender the premises to Mountain Trace in as good condition as it was when the parties entered into the lease, Spillman was required to do so as a matter of law. *See e.g. Burdick Tire & Rubber Co., v. Heylmann*, 79 Ind. App. 505, 138 N.E. 777, 779 (1923) (explaining that "the covenant to 'surrender the building at the expiration' of the lease 'in as good condition as at present, natural wear and tear excepted,' is but the expression of an obligation on the part of appellant which the law would have implied if it had been omitted from the lease") (citation omitted). After Spillman failed to remove his property from the leased warehouse, Mountain Trace had to remove his property from its warehouse to return it to its condition at lease inception.

[15] "An injured party may recover for breach of contract damages that are the natural, foreseeable and proximate consequence of the breach, but 'may not be placed in a better position than he would have enjoyed if the breach had not occurred.'" *Crider v. Crider, Inc. v. Downen*, 873 N.E.2d 1115, 1119 (Ind. Ct. App. 2007) (quoting *Fowler v. Campbell*, 612 N.E.2d 596, 603 (Ind. Ct. App. 1993)). Spillman breached the lease agreement when he failed to pay rent. Mountain Trace obtained a judgment of eviction, but Spillman failed to remove his personal property from the warehouse. It was reasonably foreseeable that Mountain Trace would incur costs to remove Spillman's personal property from the warehouse in order to return the warehouse to the condition it was in when the parties entered into the lease. For all of these reasons, the trial court erred

when it concluded that Mountain Trace was not entitled to recover the fees it incurred to remove Spillman's abandoned property from its warehouse.

[16] Finally, Mountain Trace observes that the trial court inadvertently failed to include the small claims court filing fee in its judgment. The trial court awarded the $98.00 fee to transfer the case from small claims to superior court. And Mountain Trace was also entitled to recover the initial $125 small claims court filing fee pursuant to Indiana Code section 33-37-3-4.[2] Because a prevailing party "in a civil action is entitled to recover costs," on remand we instruct the trial court to include the small claims court filing fee in its calculation of the judgment awarded to Mountain Trace. *See* I.C. § 33-37-3-4.

## Conclusion

[17] Mountain Trace is entitled to recover fees it incurred to remove Spillman's personal property from its warehouse and the small claims court filing fee. Therefore, we remand this case to the trial court with instructions to include these damages in the judgment awarded to Mountain Trace.

[18] Reversed and remanded for proceedings consistent with this opinion.

Robb, J., and Pyle, J., concur.

---

[2] In its complaint, Mountain Trace requested damages and "all other appropriate relief." Appellant's App. p. 17. And in its motion for summary judgment, it specifically requested costs. *Id*. These pleadings provided sufficient notice to Spillman that Mountain Trace was requesting an award of all costs.